# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SAVE ON ENERGY SYSTEMS, INC., a Canadian Corporation, and BILL BAILEY, <br><br> Plaintiffs, <br><br> v. <br><br> ENERGY AUTOMATION SYSTEMS, INC., <br><br> Defendant. | ) ) ) ) ) Civil No. 3:09-0228 ) Judge Trauger ) ) ) ) ) ) ) |

## MEMORANDUM and ORDER

The defendant has filed a Motion to Stay (Docket No. 4), to which the plaintiffs have responded in opposition (Docket No. 7). The defendant moves to stay this case pending the payment by the plaintiffs of costs awarded in a previously-filed state case involving the same claims, pursuant to Rule 41(d), FED. R. CIV. P. The referenced rule provides as follows:

> **(d) Costs of a Previously Dismissed Action**.
>
> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
>
> (2) may stay the proceedings until the plaintiff has complied.

Rule 41(d), FED. R. CIV. P.

Here, it is undisputed by the plaintiffs that the case filed in this court on March 6, 2009 contains the same claims as were asserted against the same defendant by the plaintiffs in a civil case filed in the Circuit Court for Sumner County, Tennessee, in August 2003. The plaintiffs

1

also do not dispute the recitation of the course of the proceedings in the state court action, as set out by the defendant in its motion. Those facts include that, after the plaintiffs failed to take any discovery and failed to appear for their depositions, the state court had to order them to appear for depositions. Moreover, even though the case was pending in state court for some five years, the plaintiffs, who were represented by the same counsel who brought suit in this court, propounded some written discovery but deposed no witnesses. The trial was continued on several occasions, sometimes upon joint request and sometimes merely because one or the other party had a scheduling issue. But, most importantly, two days before the defendant's second motion to dismiss for failure to prosecute was to be heard, the plaintiffs took a non-suit. The defendant moved to have the plaintiffs pay their discretionary costs, and the state court, which was intimately familiar with this five years of litigation, granted the motion. Some two months later, the plaintiffs brought the same claims in this court. None of this is disputed by the plaintiffs.

In their one-page response to the defendant's motion, the plaintiffs cite no applicable case law (only a 1961 Second United States Circuit Court of Appeals case and a 1989 Southern District of New York district court case). They maintain that the defendant has not "shown that this litigation is vexatious or brought in bad faith." (Docket No. 7 at 1) Not only does the defendant make no such assertion, but the authority cited by the defendant makes clear that the grant of the defendant's motion does not require such a showing. The plaintiffs assert that they are unable to pay these costs awarded by the state court, but there is no factual documentation whatsoever for that claim of poverty.

2

The granting of this motion is entirely discretionary. The court finds the motion meritorious and it is, therefore, **GRANTED**. It is hereby **ORDERED** that this case is **STAYED** pending payment by the plaintiffs to the defendant of $1,713.45 in discretionary costs previously awarded by the Circuit Court for Sumner County, Tennessee. The initial case management conference scheduled for June 1, 2009 will be held if the stay is lifted by that time. If it is not, the initial case management conference is cancelled.

It is so **ORDERED.**

Enter this 20th day of April 2009.

_____
ALETA A. TRAUGER
U.S. District Judge

3