```
            UNITED STATES DISTRICT COURT
            MIDDLE DISTRICT OF TENNESSEE
                 NASHVILLE DIVISION
```

SAVE ON ENERGY SYSTEMS, INC., )
et al.,                       )
                              )
        Plaintiffs,            )   Case No. 3:09-0228
                              )   Judge Trauger/Bryant
     v.                       )   **Jury Demand**
                              )
ENERGY AUTOMATION SYSTEMS, INC.)
                              )
        Defendant.             )

## MEMORANDUM AND ORDER

Plaintiffs, on Friday, September 4, 2009, filed their motion to quash defendant's notices of depositions (Docket Entry No. 17), which depositions had been noticed to occur on September 9 and 10, 2009. Defendant filed its response in opposition on September 8, 2009 (Docket Entry No. 19).

Plaintiffs' motion to quash has been referred to the undersigned Magistrate Judge for disposition (Docket Entry No. 18).

For the reasons stated below, the Court **DENIES** plaintiffs' motion to quash the subject deposition notices.

## Analysis

The undersigned Magistrate Judge construes plaintiffs' motion to quash to be a motion for a protective order pursuant to Rule 26(c), Federal Rules of Civil Procedure. This rule authorizes the Court, for good cause, to issue an appropriate order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense" during discovery. Significantly, Rule 26(c) contains

the following provision: "The motion [for a protective order] must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an attempt to resolve the dispute without court action."

From the record, it appears that on July 28, 2009, defendant served notices to take the depositions of the corporate and individual plaintiffs on September 9 and 10, 2009, respectively Docket Entry No. 19-3). These depositions were noticed to occur at the office of plaintiffs' counsel in Nashville, Tennessee. These deposition notices were served after plaintiffs failed to respond to a June 15, 2009, letter from defense counsel asking plaintiffs' counsel to suggest available dates for these depositions during the month of August (Docket Entry No. 19-1). It further appears that, although some correspondence about other aspects of discovery passed between counsel during the five and one-half weeks following service of these deposition notices, plaintiffs raised no objections about these depositions before filing their motion to quash effectively one business day before the depositions were scheduled to begin. (Monday, September 7, was Labor Day.)

As grounds for their motion to quash, plaintiffs argue that plaintiff Bill Bailey, who apparently will also testify as the Rule 30(b)(6) designee of the corporate plaintiff, has already given a deposition in a state court action between these parties that was earlier dismissed voluntarily by plaintiffs. As a result, plaintiffs argue that to require Mr. Bailey to travel to Nashville

to give a deposition in this case would subject him to an undue burden of "an additional two thousand or so dollars" in travel expenses (Docket Entry No. 17). This assertion is supported by no evidence in the record.

Totally aside from being rude and inconsiderate in waiting until the very last minute to challenge depositions scheduled for over five weeks, plaintiffs' motion to quash lacks the certification of good faith conference required as a predicate for a motion pursuant to Rule 26(c). In addition, Local Rule 37.01(b)(3) requires a certification of "good faith effort to resolve by agreement the issues raised" and includes the following provision: "No such motion shall be considered by the Court absent compliance with this Rule." Finally, the initial case management order in this case includes the following provision: "No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference call with Judge Trauger." (Docket Entry No. 15, para. F).

Plaintiffs' motion to quash therefore fails to satisfy the requirements of Rule 26(c) and Local Rule 37.01(b)(3), and violates the express order of the Court in the initial case management order. For these reasons, plaintiffs' motion must be denied.

In addition, and at least as troubling to the undersigned Magistrate Judge, plaintiffs' motion offers absolutely no

explanation why they waited until September 4, effectively one business day before these depositions were scheduled to occur, to move to quash based upon grounds fully known to plaintiffs since July when the notices were served.

As a practical matter, because of the late filing of plaintiffs' motion, it appears that the subject depositions did not occur as noticed, and will need to be rescheduled. Nevertheless, for the reasons stated above, plaintiffs' motion to quash these deposition notices is **DENIED**.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge