```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION
```

SAVE ON ENERGY SYSTEMS, INC., )
et al.,                       )
                              )
         Plaintiffs,          )   Case No. 3:09-0228
                              )   Judge Trauger/Bryant
     v.                       )   **Jury Demand**
                              )
ENERGY AUTOMATION SYSTEMS, INC.)
                              )
         Defendant.           )

### MEMORANDUM AND ORDER

By order entered November 17, 2009, the Court granted defendant's motion to dismiss and further awarded defendant "its fees and costs incurred in the filing of the Motion to Dismiss and those related to the attendance at the depositions in October, which the plaintiffs failed to attend." (Docket Entry No. 29). The Court directed defense counsel to file an affidavit documenting such time and expenses.

Thereafter, on December 1, 2009, defendant filed its application for fees and costs (Docket Entry No. 31), supported by the declaration of John R. Jacobson.

Plaintiffs' counsel filed a response in opposition (Docket Entry No. 33), to which defendant filed a reply (Docket Entry No. 35-1). Plaintiffs' counsel has filed his motion for leave to file a surreply and to depose Joe Merlo (Docket Entry No. 38) to which defendant has responded in opposition (Docket Entry No. 39).

Defendant's application for fees and costs has been referred to the undersigned Magistrate Judge for disposition pursuant to 28 U.S.C. § 636(b)(1) and Rule 72, Fed.R.Civ.P. (Docket Entry No. 34).

**Analysis**

According to the declaration of John R. Jacobson (Docket Entry No. 32), defendant incurred legal fees of $4,609.00 and a court reporter's per diem fee of $178.00 in the course of (1) attempting to obtain the depositions of plaintiffs in September and October 2009; (2) responding to plaintiffs' motion to quash defendant's notices of deposition; (3) the court reporter's per diem fee for the noticed October deposition; (4) preparing and filing defendant's motion to dismiss; and (5) reviewing and advising defendant concerning plaintiffs' responses to the motion to dismiss.

The undersigned Magistrate Judge finds that the hourly rates of $395.00, $275.00 and $125.00 for Mr. Jacobson, Mr. Campbell and Ms. Killen, and the total legal fees of $4,609.00 to be reasonable under the circumstances. The court reporter's per diem fee of $178.00 is also reasonable.

The court has already ordered that defendant shall be awarded its fees and costs (Docket Entry No. 29), but the Court has not specified who shall pay them. Defendant in its application argues that both plaintiffs and their counsel, Mr. Preston, should be required to pay. As grounds for their assertion that

plaintiffs' counsel should be charged with these fees and costs, defendant makes two arguments. First, defendant argues that plaintiffs' counsel filed plaintiffs' motion to quash the deposition notices only two days before the depositions were scheduled and without communicating with defense counsel and, thereafter, filed a "baseless" motion to depose defendant's CEO for the purposes of locating his own client, plaintiff Bailey. Second, defendant maintains that the plaintiffs are Canadians and are "elusive and incommunicative," making the prospects of actually collecting these fees and expenses from plaintiffs' counsel much better than from plaintiffs themselves.

In response, plaintiffs' counsel states that he "prosecuted the case the best he could without the aid and cooperation of his client, Mr. Bailey" (Docket Entry No. 33, p. 1). Counsel reported that he has been unable to reach plaintiffs since September 23, 2009 (Docket Entry No. 24, p. 1).

From a review of the entire record in this case, the undersigned Magistrate Judge finds that a substantial amount, if not most, of the fees and expenses summarized in Mr. Jacobson's declaration would have been incurred by defendant to establish plaintiffs' failure to participate in discovery and failure to prosecute, and to move for dismissal on those grounds, regardless of the conduct of plaintiffs' counsel. While it is plausible to argue that the motion filed by plaintiffs' counsel after he admits he had lost contact with his clients (Docket Entry No. 26) should

not have been filed, defendant's presentation of the attorneys' fees in summary fashion rather than itemized by task precludes the court from making any allocations.

For the foregoing reasons, the undersigned Magistrate Judge finds that the subject fees and costs should be charged to plaintiffs but not to plaintiffs' counsel.

## CONCLUSION

For the reasons stated above, the undersigned Magistrate Judge finds:

(1) that defendant's application for fees and costs should be **GRANTED**;

(2) that fees and costs in the amount of $4,787.50 should be **awarded** against plaintiffs in favor of defendant; and,

(3) that plaintiffs' motion for leave to file a surreply and to depose Joe Merlo should be **GRANTED** to the extent of filing a surreply but **DENIED** in all other respects.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge